## SECURITY STATE BANK OF MOORELAND v. FIRST NATIONAL BANK OF WOODWARD.

No. 9893—Opinion Filed June 28, 1921.

Rehearing Denied April 17, 1923.

(Syllabus.)

1. **Chattel Mortgages—Rights of Second Mortgagee — Failure to Foreclose First Mortgage.**

When a mortgagee, holding a first mortgage, takes possession of personal property under a chattel mortgage without attempting to force its foreclosure in any of the ways provided by law, it does not thereby foreclose the rights of a subsequent mortgagee of said property.

2. **Same—Foreclosure of Junior Mortgage—Effect on Senior Mortgage.**

When a junior mortgagee forecloses its mortgage on personal property and obtains possession of such property from the successor in interest of and who stands in privity with a senior mortgagee, and obtains a valid judgment against such person in privity with the senior mortgagee decreeing such junior mortgagee to be the owner of said property, and such judgment is unappealed from, in the absence of collusion or fraud, the rights of the senior mortgagee will be precluded by such judgment.

3. **Appeal and Error—Failure to File Brief—Reversal.**

In an action appealed to this court, where the plaintiff in error filed a brief showing service upon the defendant in error and no reason is given or showing is made why the defendant in error has not filed a brief, this court is not required to search the record to find some theory upon which the judgment below may be sustained.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action in replevin by the First National Bank of Woodward against the Security State Bank of Moreland, to recover a certain roan mare. Judgment for the plaintiff, and defendant brings error. Reversed.

D. P. Marum and Embry, Johnson & Kidd, for plaintiff in error.

Swindall & Wybrant, for defendant in error.

MILLER, J. This was an action in replevin commenced in the district court of Woodward county on May 25, 1914, by the First National Bank of Woodward, Oklahoma, a corporation, against the Security State Bank of Mooreland, Oklahoma, a corporation, to recover from the defendant specific personal property, to wit: One roan mare, five years old, with a stripe in face, no brand, weight about 900 pounds, valued at $75.

The plaintiff in the court below claimed the right of possession and a special ownership by virtue of a certain chattel mortgage given to secure the payment of a note for $50. The note was dated at Woodward, Oklahoma, October 21, 1912, due 12 months from date and payable to C. P. Hills and Lee Hills and executed by E. B. Williams. The payees of the note thereafter assigned the same to the First National Bank of Woodward. The mortgage given

to secure the above note covered the roan mare in controversy and other property, The note sued on also contained the name of J. S. Dotter as one of the payors.

Under a peremptory instruction of the court, the jury returned a verdict in favor of the First National Bank for the return of the roan mare, or the value, fixed at $75. Judgment was rendered on this verdict. The defendant, Security State Bank of Mooreland, Oklahoma, saved its exceptions, filed motion for new trial, which was overruled, gave notice of appeal, and brings the case here on petition in error and assigns numerous errors, which it will not be necessary to note specifically.

The Security State Bank of Mooreland, defendant below, is plaintiff in error here, and the First National Bank of Woodward is defendant in error here and will be so referred to.

The evidence of L. L. Stine, cashier of the First National Bank of Woodward, is that J. S. Dotter informed him that E. V. Williams had left the country and left the roan mare in question in his charge. Thereupon Stine and Dotter made an agreement whereby Dotter was to pay the note and was to have the mare. Thereupon Dotter signed the note that had been executed by E. V. Williams and became liable for its payment as an original maker. We think this amounted to a novation. Defendant in error to recover in this action relied upon the note and its special ownership by virtue of the chattel mortgage given to secure payment of said note. J. S. Dotter stood in privity with and was the successor in interest of the defendant in error.

The plaintiff in error had obtained possession of the roan mare from J. S. Dotter in the foreclosure of a chattel mortgage which it held and which mortgage had also been executed by E. V. Williams, the former owner of the mare. This mortgage was foreclosed in a proceeding against J. S. Dotter, who had possession of and claimed to be the owner of the mare. A judgment was rendered by a justice of the peace in favor of the plaintiff in error and against Dotter. This judgment was not appealed from and no showing is made that it was not a valid and subsisting judgment.

Dotter, as defendant in that action, could have set up every right to the possession of the mare that his grantor, the First National Bank of Woodward, could have urged as a defense, or he could have requested the First National Bank of Woodward to appear and defend the action or

had it made a party defendant if it still claimed any interest in the mare. The evidence discloses that the First National Bank of Woodward had sold the mare to Dotter, yet it had not foreclosed its mortgage in any way. L. I. Stine does not admit the sale, but his testimony shows that a sale was in fact made to Dotter, the consideration being that Dotter pay the note signed by Williams. In the absence of any showing of collusion or fraud, the First National Bank is bound by the foreclosure proceedings and judgment against Dotter.

The defendant in error has not filed a brief, and we do not know upon what theory it would contend that the judgment of the trial court should be sustained.

"In an action appealed to this court, where the plaintiff in error filed brief showing service upon the defendant in error and no brief is filed by the defendant in error and no reason is given or showing is made why the defendant in error has not filed brief, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed by the plaintiff in error reasonably sustained the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition in error." Harrison v. M. Kohler Co., 82 Okla. 26, 198 Pac. 295.

At the close of the evidence, the court instructed the jury to return a verdict in favor of the plaintiff, First National Bank of Woodward, and against the defendant, Security State Bank of Mooreland. In this the court committed error. It should have given due consideration to the judgment obtained by the Security State Bank in the justice court against J. S. Dotter, and which judgment has not been appealed from, but was a valid and subsisting judgment. Having reached this conclusion, it will be unnecessary to consider the other assignments of error.

The judgment of the trial court is reversed, with instructions to grant a new trial and proceed in accordance with the views herein set forth.

HARRISON, C. J., and PITCHFORD, JOHNSON, ELTING, and KENNAMER, JJ., concur.