## GRAHAM et al. v. KAY.

No. 11310—Opinion Filed May 22, 1923.

1. **Appeal and Error—Failure to File Brief —Reversal.**

Where the defendant in error fails to file a brief, and has not offered any excuse for such failure, and the plaintiffs in error have

filed a complete record in the Supreme Court and have served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiffs in error appears to reasonably sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiffs in error.

### 2. Same—Dismissal of Cross-Petition.

Where defendant in error fails to file brief in support of his cross-petition in error, and offers no excuse for not doing so, he will be deemed to have abandoned his cross-petition, and the same will be dismissed.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by W. E. Kay against W. A. Graham and William Coats. From the judgment, both parties bring error. Reversed in part and dismissed in part.

Langley & Langley, for plaintiffs in error.

Graves & Seaton, for defendant in error.

Opinion by JARMAN, C. This is an action brought in the district court of Mayes county by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, for the specific performance of a contract for the sale of real estate. The parties will be referred to as they appeared in the trial court.

The petition of the plaintiff contains two causes of action; the first involves a 40-acre tract of land, and the second cause of action involves a 30-acre tract of land. The defendants file their answer, joining issues on both causes of action. The case was tried to the court and judgment was rendered for the plaintiff on the first cause of action, and for the defendants on the second cause of action. Both sides have appealed, each seeking to have the judgment rendered against him in the lower court reversed.

The plaintiff has set out his assignments of error by a cross-petition in error, in which he asks that the judgment of the lower court as to the second cause of action, involving the 30-acre tract, be reversed: but he has not filed a brief in support thereof as required by the rules of this court, nor offered any excuse for not doing so; and under the uniform holding of this court, the plaintiff will be deemed to have abandoned his cross-petition in error and his appeal from the judgment of the lower court as to

the second cause of action should be dismissed. Iralson v. Stang et al., 18 Okla. 423, 90 Pac. 446; Mann v. Oklahoma City Planing Mill & Box Mfg. Co., 48 Okla. 551, 150 Pac. 460; Woodward v. Bruhwilder, 54 Okla. 131, 153 Pac. 863; Simmons v. State, 54 Okla. 407, 153 Pac. 1159.

The defendant Coats is a tenant on a portion of this land, and is not a necessary party here to a disposition of this case.

The record shows that the defendant Graham has filed his brief in support of the assignments of error set out by him in his petition in error, in which he seeks to have the action of the lower court reversed in rendering judgment for the plaintiff on the first cause of action, involving the 40-acre tract of land. The plaintiff has failed to file his brief in answer thereto, and has not offered any excuse for not doing so. The brief filed by the defendant appears to reasonably sustain the assignments of error of the defendant, and this court is not required to search the record to find some theory upon which the judgment below may be sustained. Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154; Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150; Obialero v. Henryetta Spelter Co., 82 Okla. 274, 200 Pac. 143; Walker v. Robinson, 66 Okla. 56, 166 Pac. 1042; Miles v. Bird, 41 Okla. 428, 138 Pac. 789; Butler et al. v. McSpadden, 25 Okla. 465, 107 Pac. 170.

Therefore, the cross-petition in error and the appeal of the plaintiff on the second cause of action are dismissed; and the judgment of the lower court on the first cause of action is reversed and remanded, with directions to grant a new trial as to said first cause of action.

By the Court: It is so ordered.