## TACKETT v. BELL.

No. 14112—Opinion Filed Jan. 22, 1924.

### Appeal and Error — Absence of Answer Brief—Reversal.

Where the defendant in error fails to file a brief and has not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and,

where the brief filed by the plaintiff in error appears to reasonably sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Claud Bell against B. T. Tackett. Judgment for the plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Womack, Brown & Cund and W. R. Watkins, for plaintiff in error.

H. A. Ledbetter and H. W. Sitton, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Stephens county, by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover an alleged balance due on a contract for the sale of certain oil and gas interests.

The plaintiff alleges that on or about February 7, 1922, the plaintiff and defendant entered into a written contract, whereby the plaintiff agreed to sell, assign, and convey to the defendant a certain oil and gas mining lease, for and in consideration of the sum of $42,300, of which $12,300 was paid in cash by the defendant, and the plaintiff was to be paid the balance in partial payments at subsequent dates; that the defendant has failed, neglected, and refused to pay certain of said payments aggregating $20,000 with interest as provided by terms of said contract, although the same are past due and payable; plaintiff alleges further that he has a lien against said property for the balance of the purchase price thereof, and further alleges that the defendant is mismanaging said property by not properly caring for the oil wells and not keeping said wells pumped, and that the defendant is threatening to move the equipment off of said lease, thereby damaging the same, which is to the detriment of the plaintiff's interest, and plaintiff asks that a receiver be appointed to take charge of said property during the pendency of said action. The petition of plaintiff was filed December 23, 1922, and on the same date, and without notice to the defendant, an order was made by the lower court appointing M. M. Meeks as receiver for said property. Thereafter, and on January 29, 1923, the defendant filed a motion and an amended motion to vacate the order appointing said receiver, and, among other grounds, alleged that said M.

M. Meeks was interested in the action and was not eligible to act as receiver; said motion, as amended, was denied. Thereafter, the court made an order setting aside the order denying the motion of the defendant to vacate the order appointing Meeks as receiver, and a hearing was had upon another amended order of the defendant to vacate the appointment of said Meeks as receiver, and also upon the application of the defendant for the appointment of a receiver, both of which were denied, after considering the evidence offered at said hearing; and the defendant has appealed to this court.

Among the errors assigned is, that the court erred in refusing to vacate the appointment of Meeks as receiver, for the reason that he is interested in the action between the plaintiff and the defendant. The brief filed by the defendant appears to reasonably sustain this assignment of error, and when, as in this case, the record shows that the defendant has filed a complete case made in this court, and has served and filed his brief, but that the plaintiff has not filed his brief as required by the rules of this court, nor offered any excuse for his failure so to do, this court is not required to examine the record with a view of finding some theory upon which the judgment of the lower court may be sustained, but may reverse the case in accordance with the prayer of the petition of the plaintiff in error. Iralson v. Stang et al., 18 Okla. 423, 90 Pac. 446; Mann v. Oklahoma City Planing Mill & Box Mfg. Co., 48 Okla. 551, 150 Pac. 460; Woodward v. Bruhwilder, 54 Okla. 131, 153 Pac. 863; Simmons v. State, 54 Okla. 407, 153 Pac. 1159.

For the reasons hereinbefore given, the judgment of the lower court, in refusing to vacate the appointment of M. M. Meeks as receiver, is reversed, and the cause remanded, with directions to vacate the appointment of Meeks as receiver, and to appoint some disinterested person, on the application of the defendant, as receiver in this case.

By the Court: It is so ordered.