## MARLAND v. JONES.

No. 13552—Opinion Filed April 8, 1924.

**1. Appeal and Error—Absence of Answer Brief—Disposition of Cause.**

Where plaintiff in error has filed briefs in compliance with rule 7 of the rules of this court, and the defendant in error has failed to file answer briefs as required by the rule, and has assigned no reason or excuse for failure to do so, and is wholly in default, this court may reverse or affirm the judgment of the lower court, at its discretion.

**2. Same—Reversal.**

Plaintiff in error has filed his briefs herein as required by the rules of this court, and the defendant having failed to file briefs, as required by the rules of this court, and being wholly in default, the court has carefully examined the briefs of the plaintiff in error, and finds the same reasonably sustains the assignments of error therein set forth.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Jennie Jones against E. W. Marland. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. K. Moore, for plaintiff in error.

Opinion by RUTH, C. This action was filed in the district court of Kay county, by the plaintiff Jennie Jones, defendant in error, against the defendant, E. W. Marland, plaintiff in error, and the parties will be designated in this opinion as they appeared in the court below.

The plaintiff, by her action, seeks to have canceled a certain warranty deed and a quitclaim deed, executed by her former husband, William Hyland Jones, who will hereinafter be designated the "husband," conveying certain building lots in Ponca City to the defendant, plaintiff claiming the lands were impressed with a homestead interest.

A deed to the lands from Mavina Jones, mother of the husband; a warranty deed; a quitclaim deed from the husband; a decree granting the husband a divorce from the plaintiff, and evidence tending to prove the plaintiff resided in Texas for the last ten years, and did not occupy the land as a homestead, were introduced, as was the uncontroverted evidence of the defendant having, about three years ago, erected a dwelling on the property at a cost of approximately $2,300.

From a judgment for the plaintiff, defendant brings this cause here on appeal, and files his briefs as required by rule 7 of this court, which rule provides in part as follows:

"Rule 7. In each civil cause hereafter filed in this court counsel for plaintiff in error shall, unless otherwise ordered by the court, serve his brief on counsel for defendant in error within 40 days from the date petition is filed in the Supreme Court. Counsel for plaintiff in error shall file with the clerk of this court 20 copies of such brief within the time above designated, and defendant in error shall, within 30 days after the service of the brief of plaintiff in error, upon him, file with the clerk of this court 20 copies of his answer brief, and serve the same upon the plaintiff in error, and all reply briefs must be filed within ten days after the service of the answer brief. Proof of service must be filed with the clerk within ten days after service. In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause or reverse or confirm the judgment at its discretion."

—and the briefs so filed fully meet all the requirements of rule 26 of this court, which provides in part as follows:

"Rule 26. The brief shall contain the specifications of errors complained of separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order, with strict observance of rule 7."

The plaintiff has not filed an answer brief and has advanced no reason or excuse for failure so to do, and is wholly in default, and this court is not required to search the record for the purpose of discovering some theory upon which the judgment of the lower court may be affirmed, but may consider the brief of the plaintiff in error, and, if the same reasonably sustains the assignments of error, may reverse the judgment of the lower court. Miller v. Huckaby, 87 Okla. 295, 210 Pac. 1034; Chicago, R. I. & P. Ry. Co. v. Kilbourn, 87 Okla. 296, 210 Pac. 1034; Levy Bros. Furniture Co. v. Hickey, 90 Okla. 30, 215 Pac. 757; Graham v. Kay, 91 Okla. 37, 215 Pac. 755; Johnson v. Potts, 87 Okla. 188, 209 Pac. 734; Security State Bank v. First National Bank, 89 Okla. 179, 213 Pac. 874.

In the case under review, defendant has presented a very exhaustive brief, and with fairness has presented the evidence of plaintiff and defendant, and has cited and compared authorities, and upon careful consideration of all the evidence and authorities

set forth in defendant's brief, we find the same reasonably sustain the assignments of error, and the judgment of the court below, for the reasons herein stated, should be reversed, and this cause remanded, with instructions to the district court to grant the defendant a new trial.

By the Court: It is so ordered.