## HARBOUR-LONGMIRE FURN. CO. et al. v. KENNEDY MERC. CO.

No. 15616—Opinion Filed May 12, 1925.

(Syllabus.)

**Appeal and Error—Failure to File Brief—Reversal.**

Where plaintiffs in error have served and filed a brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any reasonable excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Kennedy Mercantile Company against the Harbour-Longmire Furniture Company and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Simons, McKnight & Simons and Hills & Bird, for plaintiffs in error.

McKeever, Moore & Elam, for defendant in error.

PER CURIAM. Defendant in error, as plaintiff below, brought this action against plaintiffs in error as defendants below, to recover certain personal property sold at public sale, or the value of such property with damages for the wrongful detention of the same.

The cause was tried to a jury and a verdict and judgment rendered for plaintiff. From an order overruling the motion for a new trial, defendants have appealed to this court by petition in error and case-made.

Plaintiffs in error filed a brief on December 26, 1924. On February 20, 1925, defendant in error filed motion to dismiss the appeal upon the ground that the smallness of the amount involved rendered the proceeding in error frivolous. It was stated in the motion that while some errors may appear in the record, such errors, if any, are harmless, and that a review of the evidence would disclose that the verdict was based upon law and good conscience. Movant further stated that in case motion to dismiss was denied, it desired to submit the cause without further brief or argument, as amount involved did not justify filing brief. This motion was denied on March 23, 1925.

It has been repeatedly held that where plaintiff in error has served and filed a brief in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse and remand the cause in accordance with the prayer of the petition in error. Tackett v. Bell, 97 Okla. 99, 222 Pac. 666; Marland v. Jones, 98 Okla. 257, 225 Pac. 176.

Inasmuch as the excuse given in the instant case is not a reasonable one, it seems that the authorities cited are applicable, and as the brief of plaintiffs in error and the authorities cited therein appear reasonably to sustain the assignments of error, the judgment of the trial court is reversed and the cause remanded for a new trial.

Note.—See under (1) 3 C. J. p. 1447; 2 R. C. L. 176, 1 R. C. L. Supp. p. 425.